## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **BRYAN GLYNN** | : |
| **Plaintiff,** | : CIVIL ACTION #  4:20-cv-98 |
| vs. | : |
| **SONJANETTE C. ALDERSON, LARRY W. ALDERSON, JR. and LASOA, INC.** | : JURY DEMANDED |
| **Defendants** | : |

### Plaintiff's Original Complaint

Plaintiff Bryan Glynn respectfully alleges as follows for his original complaint against Defendants Sonjanette C. Alderson, Larry W. Alderson, Jr. and Lasoa, Inc..

### Parties

1. Plaintiff Bryan Glynn ("Plaintiff" or "Glynn") is a resident of Florida.

2. Defendant Lasoa, Inc. ("Lasoa") is a Texas corporation believed to be doing business as Lasoa Cigar Lounge (but having no certificate of assumed name to that effect on file with the Texas Secretary of State). The Texas Secretary of State identifies Lasoa's principal office as 2150 N. Josey Ln., Ste 109, Carrolton, Texas, 75006; and identifies its registered agent as Sonjanette C. Alderson at 555 Republic Dr., Ste. 200, Plano, Texas 75074.

3. Defendant Sonjanette C. Alderson is an individual believed to be residing in McKinney, Texas and may be served at her residence at 2805 White Rock Creek Dr., McKinney, Texas 75072.

4. Defendant Larry W Alderson is an individual believed to be residing in McKinney, Texas and may be served at his residence at 2805 White Rock Creek Dr., McKinney, Texas 75072.

## NATURE OF THE CLAIMS

5. This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*, arising in connection with Defendant's unauthorized commercial exploitation of one of Plaintiff's federally registered photographs.

## JURISDICTION and VENUE

6. This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

7. The Court has personal jurisdiction over the Defendant because it was organized in Texas and its principal place of business is here in Texas.

8. Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1400 because a substantial portion of the events giving rise to this suit occurred in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

9. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

10. Glynn is professional photographer who maintains a website called Cigar Obsession for the purpose of reviewing cigars and disseminating information about cigar products.

11. Lasoa operates a "cigar lounge" in Carrolton, Texas.  Larry Alderson and Sonjanette Alderson are the owners and directors of Lasoa.

12. Plaintiff is the sole author and creator of the photo at issue in this action, a copy of which is set forth below (the "Photo").

13. Plaintiff registered his copyrights in the Photo with the United States Copyright Office, effective October 22, 2015, under registration number VAu1224378, a true and correct copy of which is attached hereto as **Exhibit A**.

14. The Photo appears on Mr. Glynn's website as set forth below, with his logo prominently displayed within the Photo:



15. In addition to his watermark, a copyright notice appears at the bottom of the page featuring Plaintiff's Photo – specifically advising users that all content is copyrighted, and cannot be used without express permission, as illustrated below:

> ALL CONTENT © 2019 BY BRYAN GLYNN. NO CONTENT MAY BE USED WITHOUT EXPRESS PERMISSION. CIGAR OBSESSION IS A LEADING PREMIUM HAND ROLLED CIGAR REVIEW SITE BLOG AND VIDEO REVIEW DEPOSITORY. HOLDING THE WORLD'S LEADING VIDEO CIGAR REVIEW COLLECTION OF BRANDS SUCH AS COHIBA, PADRON, DREW ESTATE, GURKHA, PARTAGAS, MACANUDO, ARTURO FUENTE, ASHTON, CAO, OLIVA, ROCKY PATEL, ETC. NEW REVIEWS ARE POSTED REGULARLY.

16. Upon information and belief, in or around May, 2019, Lasoa inserted the Photo onto the landing page of its website for purposes of marketing its cigar lounge in Carrolton, as illustrated below:



17. Because the Photo was watermarked, and because a copyright notice appeared on Plaintiff's website, Defendants were clearly on notice of the person from whom they needed to obtain authorization for commercial use. Nevertheless, Defendants chose to use the Photo without authorization.

18. Upon information and belief, the Photo was utilized for the purpose of promoting Defendants' cigar lounge, and upon further information and belief, Defendants profited from its use of the Photo.

19. On or about November 18, 2019, Plaintiff notified Defendants of their unauthorized use of the Photo, and sent follow-up communications on December 3, 2019 and December 17, 2019. Defendants finally responded via telephone, admitting that they used the photograph without authorization, but have since ignored all further communications, leaving Plaintiff with no alternative but to file suit.

20. Plaintiff now brings this suit for copyright infringement.

## COUNT I:
## COPYRIGHT INFRINGEMENT

21. Plaintiff realleges and incorporates herein the foregoing paragraphs.

22. By its actions alleged above, Lasoa has infringed Plaintiff's federally registered copyrights. Specifically, by copying, distributing and/or displaying the Photo without his consent, Lasoa has infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and is liable therefor.

23. Upon information and belief, Sonjanette Alderson and Larry Alderson are the dominant influences in their closely held corporation Lasoa. In such capacity, it is believed that the Aldersons determined and/or directed the policies that led to the infringements complained of herein and/or materially participated in such conduct. Accordingly, the Aldersons are jointly and

severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984).  Upon further information and belief, Sonjanette Alderson and Larry Alderson maintained the right and ability to supervise the infringing activities of Lasoa, had a direct financial interest in those activities by virtue of their equity ownership in the company and the profits derived therefrom, and had the practical ability to stop such infringement.  Accordingly, the Alderson's are vicariously liable for copyright infringement. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

24. Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their actions constituted copyright infringement; and/or because they acted with reckless disregard of Plaintiff's copyrights.  For instance, Defendants recklessly posted and/or allowed the Photo to be posted to their website without confirming any authorization to do so.

25. As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court, for which Defendants are jointly and severally liable. 17 U.S.C. §§ 504, 505.

### JURY DEMAND

26. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### PRAYER

Plaintiff prays for:

A. An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the Photo;

B. An award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C. An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. §§ 505;

D. Prejudgment and post-judgment interest on any damage award as permitted by law; and

E. Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 10th Day of February, 2020

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF BRYAN GLYNN